UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LAMAR CLARK,

          Petitioner,

                                    CASE NO. 2:06-CV-15359
v.                                  HONORABLE VICTORIA A. ROBERTS

MARY BERGHUIS,

          Respondent.
_____/

## ORDER GRANTING MOTION TO HOLD HABEAS CASE IN ABEYANCE, STAYING CASE WITH CONDITIONS, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

**I.**     **Introduction**

       Petitioner Keith Lamar Clark, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 convictions for first-degree premeditated murder, felony murder, armed robbery, assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court.  Petitioner was sentenced to concurrent terms of life imprisonment without the possibility of parole on the murder convictions, a concurrent term of 225 months to 45 years imprisonment on the armed robbery conviction, a concurrent term of 15 to 45 years imprisonment, and a consecutive term of two years imprisonment on the felony firearm conviction.

       In his habeas pleadings, Petitioner raises claims concerning a violation of his right against self-incrimination and the right to counsel, the admission of a non-testifying co-

1

defendant's statements, the failure to seat a separate jury from that of his co-defendants, and re-sentencing.  This matter is before the Court on Petitioner's motion to hold this case in abeyance so that he may return to the state courts and exhaust state remedies as to additional issues concerning the effectiveness of trial counsel.  For the reasons set forth below, the Court grants Petitioner's motion, stays the proceedings with conditions, and closes the case for administrative purposes.

## II.    Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising the same claims contained in his present petition.  The court affirmed his convictions and sentences.  *People v. Clark*, No. 249618 (Mich. Ct. App. April 21, 2005) (unpublished).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Clark*, 474 Mich. 888, 705 N.W.2d 29 (2005).

Petitioner signed the instant habeas petition on November 15, 2006.  This matter is before the Court on Petitioner's motion to hold this case in abeyance so that he may exhaust state remedies on additional claims.  He has submitted the instant motion due to concerns about the one-year statute of limitations applicable to federal habeas actions.

## III.    Discussion

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas law provides that a habeas petitioner is

2

only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. It appears that his proposed additional claims concerning the ineffectiveness of trial counsel have not been exhausted in the state courts and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 19, 2005. Petitioner then had 90 days in which to

3

seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about January 17, 2006 -- 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner signed the instant petition on November 15, 2006. Thus, he has approximately two months remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Additionally, the ineffective assistance of counsel claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, Petitioner may assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

**IV.    Conclusion**

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order – if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)

(adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).  Should

Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Lastly, this case is **CLOSED for Administrative Purposes** pending compliance with

these conditions.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 18, 2006

The undersigned certifies that a copy of this
document was served on the attorneys of record
and pro se petitioner by electronic means or U.S.
Mail on December 18, 2006.

S/Carol A. Pinegar
Deputy Clerk